IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHARMAINE S.[1]

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

        Defendant.

Civ. No. 3:20-cv-01313-CL

**OPINION AND ORDER**

MARK D. CLARKE, Magistrate Judge.

    Plaintiff Charmaine S. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claim for supplemental security income benefits. Full consent to magistrate jurisdiction was entered on August 25, 2020 (Dkt. #6). For the reasons provided below, the Commissioner's decision is AFFIRMED.

## BACKGROUND

    Plaintiff is a 61-year-old woman who alleges she is unable to work due to mental and physical impairments. Plaintiff filed an application for Supplemental Security Income benefits with a protective filing date of March 2, 2018. Tr. 184; see Tr. 15. In her application, Plaintiff claimed disability with an alleged onset date of January 1, 2007. Tr. 184. The claim was denied initially on May 15, 2018 and upon reconsideration on August 2, 2018. Tr. 105, 113. A hearing was held on August 8, 2019, before Administrative Law Judge Richard Geib. Tr. 36. At the

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

1 - Opinion and Order

hearing, through counsel, Plaintiff amended her alleged onset date to March 2, 2018. Tr. 40. On September 10, 2019, the ALJ issued an unfavorable decision, finding Plaintiff was not disabled from the alleged onset date, as amended, through the date of decision. Tr. 30. On June 1, 2020, the Appeals Council denied review, making the ALJ's decision the final agency decision. Tr. 1. This action followed.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r. Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity"? 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii);

        416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds to the "residual functional capacity" ("RFC") assessment.

    a. The ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled.

*See also Bustamante v. Massanari*, 262 F.3d 949, 954-55 (9th Cir. 2001).

    The claimant bears the burden of proof at steps one through four. *Id.* at 954. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999) (internal citations omitted); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work

which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954-55; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

Applying the above analysis, the ALJ made the following findings:

1. Plaintiff engaged in substantial gainful activity during the fourth quarter of 2018. She alleges that this was an "unsuccessful work attempt." Tr 17.

2. There has not been a continuous 12-month period during which the claimant did not engage in substantial gainful activity. However, the ALJ evaluated the entire time period from the amended onset date to the date of the decision in response to claimant's allegation that the work activity in 2018 was an unsuccessful work attempt. Tr. 17.

3. Plaintiff has the following severe impairments: personality disorder, affective disorder, and posttraumatic stress disorder. Tr. 17.

4. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Tr. 19.

5. Plaintiff has the residual functional capacity to perform medium work as defined in 20 CFR 416.907(c) and the following: the claimant can frequently climb ramps and stairs, occasionally climb ladders, ropes, and scaffolds, and frequently crouch. The claimant can perform simple, routine tasks, and have occasional and superficial contact with the general public and coworkers. Tr. 23.

6. Claimant is unable to perform any past relevant work. Tr. 28.

7. Plaintiff was born on August 11, 1960, and was 57 years old, which is defined as an individual of advanced age, on the date the application was filed. Tr. 28.

8. Plaintiff has at least a high school education and is able to communicate in English. Tr. 28.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the

10. Considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including janitor, hand packager, and "laborer, stores." Tr. 29.

11. Plaintiff has not been under a disability, as defined in the Social Security Act, since March 2, 2018, the date the application was filed. Tr. 30.

claimant is "not disabled," whether or not the claimant has transferable job skills. Tr. 29.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "'Substantial evidence' means 'more than a mere scintilla but less than a preponderance,' or more clearly stated, 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

If the decision of the Appeals Council is the final decision of the Commissioner, this Court must review the decision of the Appeals Council to determine whether that decision is supported by substantial evidence. *Howard v. Heckler*, 782 F.2d 1484 (9th Cir. 1986). Where the evidence before the ALJ or Appeals Council is subject to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Batson*, 359 F.3d at 1198 (citing

*Andrews*, 53 F.3d at 1041). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock*, 879 F.2d at 501). Additionally, a reviewing court "cannot affirm the [Commissioner's] decision on a ground that the [Administration] did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citations omitted). Finally, a court may not reverse the Commissioner's decision on account of an error that is harmless. *Id.* at 1055-56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42 U.S.C. § 405(g), the reviewing court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## DISCUSSION

Plaintiff presents the following issues for review:

1. Whether the ALJ properly evaluated the medical opinions, and
2. Whether the ALJ made Step Five findings unsupported by substantial evidence.

For the following reasons, the Court finds that the ALJ did not err. The decision of the Commissioner is affirmed.

### I.     The ALJ properly evaluated and credited the medical opinions by limiting Plaintiff to medium work in the RFC.

Under prior Social Security regulations, a hierarchy of medical opinions dictated the weight that must be given by an ALJ: treating doctors were generally given the most weight and non-examining doctors were generally given the least weight. *See* 20 C.F.R. §§ 404.1527, 416.927 (1991); 56 Fed. Reg. 36,932 (Aug. 1, 1991). For applications filed on or after March 27, 2017, the new regulations eliminate the old hierarchy of medical opinions. 20 C.F.R. §§ 404.1520c(a), 416.920c(a) (2017). Plaintiff filed an application for disability insurance benefits on March 2, 2018. Thus, the Commissioner's new regulations apply to the ALJ's assessment of this opinion. *See* 20 C.F.R. § 404.1520c; 82 Fed. Reg. 5844 (Jan. 18, 2017); see also 82 Fed. Reg. 15,132 (Mar. 27, 2017) (correcting technical errors).

The new rules no longer provide for any inherent weight: "We [the SSA] will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s) including those from your medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The SSA "considers" various medical opinions for claims filed on or after March 27, 2017, and determines which medical opinions are most persuasive. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). In evaluating which opinions are most persuasive, the ALJ considers several factors. The two most important factors are supportability & consistency. *Id*. Secondary factors include the relationship with the claimant, specialization, and other factors. *Id*. at 404.1520c(c), 416.920c(c).

State agency consultants Dr. Mark Magdaleno and Dr. Gordon Hale both opined that Plaintiff was limited to lifting and carrying 50lbs occasionally, 25lbs frequently, and standing and/or walking "about 6 hours in an 8-hour workday." Tr. 83-84, 91-92. The ALJ determined that these opinions were "entirely consistent and supported by the evidence," and found them "persuasive." Tr. 27.

Plaintiff contends that the ALJ intended to include a limitation to six hours standing and/or walking as specified by the state agency consultants, but omitted this limitation by mistake, thereby erring in the formulation of the RFC. The testimony of the vocational expert (VE) was confusing, as he first indicated that a person capable of medium work could perform the jobs identified, but later he testified that a person limited so six hours standing and/or walking could not do so. The VE testified that the definition of medium work does not contain any particular limitation on standing and/or walking. Tr. 72–73. However, the ALJ specifically declined to adopt this portion of the VE testimony.

Plaintiff is incorrect, and the ALJ did not err. Social Security regulations state that medium work includes standing and walking for up to six hours in an eight-hour day. SSR 83-10, 1983 WL 31251, at *5.[2] An ALJ is responsible for "translating and incorporating" a doctor's findings "into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). The ALJ did so here by limiting Plaintiff to medium work, which inherently includes the standing and walking limitation identified by the state agency consultants. Moreover, so long as the ALJ's findings represent a reasonable interpretation of the evidence, the Court must uphold them. "[I]f evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision[.]" *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1193 (9th Cir. 2004). The Court finds no conflict here to resolve. The ALJ's decision is affirmed.

**II.      The ALJ's Step Five findings were supported by substantial evidence.**

---

[2] *Medium work.* The regulations define medium work as lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. A full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday in order to meet the requirements of frequent lifting or carrying objects weighing up to 25 pounds. As in light work, sitting may occur intermittently during the remaining time. Use of the arms and hands is necessary to grasp, hold, and turn objects, as opposed to the finer activities in much sedentary work, which require precision use of the fingers as well as use of the hands and arms.

8 - Opinion and Order

Plaintiff argues that the ALJ erred at step five because the jobs identified at those steps required more standing and walking than the ALJ concluded she could tolerate. ECF No. 12 at 4-6. The ALJ found that Plaintiff could perform medium exertional work (Tr. 23), which by definition under the Regulation includes standing and walking for six hours in an eight-hour workday. SSR 83-10. Plaintiff contends that the finding was unsupported because the vocational expert testified that the job requires eight hours of standing and walking. ECF No. 12 at 7-9, citing Tr. 72. The ALJ found that the vocational expert's testimony was unreasonable as it was not in accord with the regulations. Tr. 29.

Every exertional level above sedentary requires the ability of standing and walking for up to eight hours. SSR 83-10, 1983 WL 31251, at *5. As discussed above, "medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday.... As in light work, sitting may occur intermittently during the remaining time." This limitation is consistent with the opinions of the state agency consultants, and with the ALJ's determination of Plaintiff's RFC. Moreover, the jobs identified by the ALJ are listed in the DOT as medium work. The ALJ did not err, and the decision is affirmed.

## ORDER

The ALJ did not err. The decision is AFFIRMED.

It is so ORDERED and DATED this 8 day of June, 2022.

_____
MARK D. CLARKE
United States Magistrate Judge